J. S08021/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DARNELL CARTER, | : | |
| | : | |
| Appellant | : | No. 999 WDA 2015 |

Appeal from the Judgment of Sentence May 15, 2015
In the Court of Common Pleas of Warren County
Criminal Division No(s).: CP-62-CR-0000245-2014

BEFORE: STABILE, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.: **FILED MARCH 16, 2016**

Appellant, Darnell Carter, appeals from the judgment of sentence entered in the Court of Common Pleas of Warren County following his jury trial conviction for Possession of a Controlled Substance[1] and three summary traffic offenses.[2] Upon careful review, we affirm.

A brief factual background is as follows: On July 5, 2015, Police stopped Appellant at a DUI checkpoint and observed a small baggie that contained a white powdery substance inside the car. N.T. Trial, 4/7/15, at 36, 38, 46-47, 50. Police obtained a search warrant for the car, and discovered two additional baggies containing a white powdery substance. N.T. Trial, 4/7/15, at 53-55. Police subsequently arrested Appellant, and the

---

[1] 35 P.S. § 780-113(a)(16).
[2] 75 Pa.C.S § 1543(a); 75 Pa.C.S. § 1301(a); 75 Pa.C.S. § 4703(a).

case went to trial, after which the jury found the Appellant guilty. The trial court sentenced the Appellant to one year of probation.

Appellant filed a timely notice of appeal and a timely Concise Statement of the Matters Complained of on Appeal pursuant to Pa.R.A.P 1925(b). The trial court filed a Memorandum Opinion pursuant to Pa.R.A.P. 1925(a).

Appellant's sole statement of the question presented is: "Did the trial court abuse its discretion by denying the oral motion filed by defense counsel to dismiss the complaint based on the Commonwealth's failure to submit the constitutional requirements under **Tarbert/Blouse**?"[3] Appellant's Brief at 4. In order to address this issue, we must first determine the type of motion in question.

During trial, and after the Commonwealth's case-in-chief, Appellant made the following motion to the court: "I submit that the DUI checkpoint was an unlawful checkpoint." N.T. Trial, 4/7/15, at 113. However, Appellant did not specify what he was asking the court to do. After brief argument from each party, the trial court stated, "I am overruling that objection with respect to the checkpoint." **Id.** at 115.

At trial, Appellant contested the DUI checkpoint in terms of being illegal. **Id.** at 113. In various filings, Appellant claimed that this objection

---

[3] **Commonwealth v. Tarbert,** 535 A.2d 1035 (Pa. 1987); **Commonwealth v. Blouse,** 611 A.2d 1177 (Pa. 1992) (establishing constitutional guidelines for DUI checkpoints).

was both a Motion to Dismiss the Complaint[4] and a Motion for Judgment of Acquittal.[5]  However, in its 1925(a) Opinion, the trial court classified the oral motion as a Motion to Suppress, and this Court concurs.  **See** Trial Court Opinion, dated 6/26/15.

Appellant's objection that the DUI checkpoint was "unlawful" was in essence a request to suppress the evidence obtained from the search of the car and this Court will treat it as such.  **See Commonwealth v. Garibay**, 106 A.3d 136, 140 (Pa.Super. 2014), *appeal denied*, 123 A.3d 1060 (Pa. 2015) (concluding that where police do not comply with the guidelines in establishing a checkpoint, the trial court should suppress evidence derived from the stop).

Appellant, however, waived his right to file or argue a Motion to Suppress.  Pennsylvania Rule of Criminal Procedure 581 required Appellant to file a Motion to Suppress in a timely Omnibus Pretrial Motion within 30 days of arraignment or the issues were waived:  "[i]f timely motion is not made hereunder, the issue of suppression of such evidence **shall be deemed to be waived**."  Pa.R.Crim.P. 581(B) (emphasis added).  The Pennsylvania Supreme Court reiterates, "[t]his Court has consistently affirmed the principle that [Appellant] waives the ground of suppressibility

---

[4] Apellant's Brief at 4.

[5] Statement of Matters Complained of on Appeal at 1; Appellant's Brief at 5, 8-9.

as a basis for opposition to the Commonwealth's introduction of evidence when he or she fails to file a suppression motion pursuant to our rules of criminal procedure." ***Commonwealth v. Baumhammers***, 960 A.2d 59, 76-77 (Pa. 2008).

However, the Pennsylvania Rules of Criminal Procedure provide four exceptions to the Omnibus Pretrial Motion filing deadline. Rule 579 allows exceptions where: 1) opportunity therefore did not exist; 2) the defendant or defense attorney, or the attorney for the Commonwealth was not aware of the grounds for the motion; or 3) the time for filing has been extended by the court for cause shown. Pa.R.Crim.P. 579(A). Rule 581 provides a fourth exception: "where the interests of justice otherwise require." Pa.R.Crim.P. 581(B). Therefore, the trial court may permit a Defendant to file an untimely Motion to Suppress if the trial court decides that one of the four exceptions exists.

In the instant case, the trial court found that the oral motion was a Motion to Suppress (even though the Appellant tried to categorize it differently), found that the Motion to Suppress was untimely, found that no timeliness exceptions applied, and therefore found any suppression issues to be waived. The trial court made the following well-reasoned findings as to why no exceptions applied:

> [Appellant] did not file any pretrial motion, did not offer any objection, or otherwise put the [Appellee] on notice that [Appellant] planned to challenge the constitutionality of the DUI checkpoint until after the close of the [Appellee]'s case-in-chief.

> It is inappropriate and contrary to the Pennsylvania Rules of Criminal Procedure to allow a[n] [Appellant] to sandbag the [Appellee] and offer a suppression motion based solely on the [Appellee]'s case-in-chief. [Appellant]'s position is untenable because it would require the [Appellee] to show that it constitutionally obtained evidence before presenting every piece of evidence at trial. [Appellant] offered no possible circumstances that would permit the Court to entertain such an untimely oral motion to suppress…Counsel was armed with the case law regarding DUI checkpoints and began to argue the specific criteria before the Court dismissed the motion as untimely. This would certainly indicate that [Appellant] was aware pretrial of the grounds for challenging the constitutionality of the DUI checkpoint and chose to intentionally violate the Rules of Criminal Procedure out of a misguided and improper trial strategy.

Trial Court Opinion, dated 7/26/15, at 2-3.

We agree with the trial court.

Appellant failed to file a Motion to Suppress prior to trial despite having knowledge that the charges involved evidence obtained from a DUI checkpoint stop. Application for Search Warrant, dated July 11, 2014. Appellant did not petition the court for any additional time to file the Motion to Suppress, did not object to any evidence coming in during trial, and did not offer any reason why Appellant was unable to file a timely motion to suppress as required by Rule 579(A) and 581(B). Trial Court Opinion, dated 7/26/15, at 2-3; Pa.R.Crim.P. 579(A); Pa.R.Crim.P. 581(B). Finally, the trial court made a reasonable finding that it was **against** the interests of justice to allow an untimely motion to suppress and "sandbag" the Appellant. Trial Court Opinion, dated 7/26/15, at 2-3.

Since no exception applies, Rule 581(B) dictates: "the issue of suppression of such evidence **shall be deemed to be waived.**" Pa.R.Crim.P. 581(B) (emphasis added).

For the reasons stated above, the trial court did not abuse its discretion when it denied the oral motion to suppress as untimely and the suppression of any evidence that is the subject of that motion is deemed to be waived.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  3/16/2016